United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-30365
Summary Calendar

EDWIN PRESTENBACH,

Plaintiff-Appellant,

versus

CHIOS CHALLENGE SHIPPING & TRADING S.A.;
HARBOR SHIPPING AND TRADING S.A.; CHIOS
CHALLENGE MV,

Defendants-Appellees.

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 2:03-CV-3636)

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

We affirm the district court's summary judgment in favor of defendants for

the following reasons:

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

1. Prestenbach failed to produce evidence that the floor of the cargo hold, as it existed when defendants turned the vessel over to Total Logistics Company ("TLC") for cargo operations, was in a condition such that an experienced stevedore could not perform cargo operations with reasonable safety. *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 166-67 (1981). In addition, the condition of the floor was open and obvious to Prestenbach, who knew that it was rusty and lacked non-skid covering. *Greenwood v. Societe Francaise de Transportes Maritime*, 111 F.3d 1239, 1246 (5th Cir. 1997). Prestenbach did not submit evidence that his only alternatives to working on the rusty floor that lacked non-skid covering were unduly impracticable or time-consuming or would have forced him to leave the job. *Moore v. Angela MV*, 353 F.3d 376, 381 (5th Cir. 2003). Prestenbach also failed to submit evidence showing that a hidden defect (rust) caused the bands around the rebar to break, and thus cannot show that defendants breached their turnover duty by failing to warn him of such a defect. *Scindia Steam*, 451 U.S. at 167.

2. The "duty to intervene," as described in *Scindia Steam*, is an exception to the general rule that a vessel owner does not owe a duty to discover

dangerous conditions that develop within the confines of cargo operations assigned to a stevedore. *Futo v. Lykes Bros. Steamship Co.*, 742 F.2d 209, 213-14 (5th Cir. 1984). The exception does not apply where the hazard is not created by the shipowner, is obvious to the longshoremen, and arises during and in the area of the stevedore's operations, as here. *Id.* at 214; *see also Casaceli v. Martech Int'l Inc.*, 774 F.2d 1322, 1327 (5th Cir. 1985). Instead, "something more is required beyond the mere presence of the danger on board and the shipowner's knowledge of it" to impose a duty to intervene on the shipowner where the stevedore creates a hazard in the course of cargo operations. *Futo*, 742 F.2d at 215; *see also Casaceli*, 774 F.2d at 1327-28 (5th Cir. 1985). To determine whether the shipowner owes a duty to intervene in that situation, this court considers: (1) whether the hazard was open and obvious, (2) whether the hazard was located within the ship or ship's gear, (3) which party created the hazard, (4) which party was in a better position to correct the hazard, (5) which party owned and controlled the defective item, (6) whether an affirmative act of negligence or acquiescence in the use of the dangerous item occurred, and (7) whether the shipowner assumed any

3

duty with respect to the hazard. *Casaceli*, 774 F.2d at 1328 (citing *Futo*, 742 F.2d at 218, 221). The district court correctly determined, based on the summary judgment evidence, that those factors weighed against imposing a duty on defendants on the facts of this case.

Because the summary judgment evidence, viewed in the light most favorable to Prestenbach, does not establish that defendants owed a duty to intervene to clean up the fluid spill or breached their turnover duty, summary judgment in favor of defendants is affirmed.

AFFIRMED.